UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KERRY KURISU, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>SVENHARD SWEDISH BAKERY SUPPLEMENTAL KEY MANAGEMENT RETIREMENT PLAN, et al.,<br><br>        Defendants. | Case No. 20-cv-06409-EMC<br><br>**ORDER RE STATUS REPORT**<br><br>Docket No. 77 |

        The Court ordered the parties to meet and confer, *see* Docket No. 70 (order), after Mr. Kunkel and Mr. Svenhard (the "Individual Defendants") filed a notice (1) informing the Court that Svenhard's Swedish Bakery had filed a petition for bankruptcy back in December 2019 (*i.e.*, before this lawsuit was even filed) and (2) stating that the instant case was stayed as a result, such that the mediation that had been scheduled would not proceed. *See* Docket No. 69 (notice of bankruptcy). The parties have now met and conferred and filed a status report. *See* Docket No. 77 (status report). In the status report, the parties explain that they were not able to reach an agreement. Plaintiffs ask the Court to "reject" the notice of bankruptcy stay and give the parties thirty days to complete mediation. Docket No. 77 (Status Rpt. at 4). The Individual Defendants ask for the opportunity to brief whether or not the claims against them should be stayed.

        The Court shall allow the Individual Defendants to file a motion for a stay of proceedings (which would include a deferral of mediation). To be sure, on its face, 11 U.S.C. § 362(a)(1) provides for a stay with respect to claims "against the *debtor*." 11 U.S.C. § 362(a)(1) (emphasis added). The Individual Defendants are *non*debtors. Nevertheless, it appears that, in some situations, nondebtors may essentially get the benefit of the bankruptcy stay.

In their motion, the Individual Defendants should address the source of the Court's authority to stay. *See, e.g.*, *BMO Harris Bank N.A. v. Marken Enter.*, No.: 3:17-cv-00091-GPC-NLS, 2017 U.S. Dist. LEXIS 149430, at *5 (S.D. Cal. Sept. 14, 2017). They should also address whether it might make more sense to seek relief from the bankruptcy court. *See, e.g.*, *Trs. of the S. Cal. IBEW-NECA Pension Plan v. Liebeck*, 775 Fed. Appx. 267, 269 (9th Cir. 2019) ("[W]e have suggested that the non-debtor invoking the applicability of the stay must raise the issue with the bankruptcy court, so that the bankruptcy court can extend the stay to the non-debtor, if appropriate."); *Boucher v. Shaw*, 572 F.3d 1087, 1093 & n.3 (9th Cir. 2009) ("[I]f the liability of the non-debtor party were to affect the property of the bankruptcy estate, such as by a requirement that the debtor indemnify the non-debtor or by payment of the liability from a director's and officer's insurance policy, it may be necessary for the plaintiff in such a case to proceed against the non-debtor party through bankruptcy proceedings," but "[e]ven then, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction."); *cf. In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007) ("[Title 11 U.S.C. §] 105(a) gives the bankruptcy courts the power to stay actions that are not subject to the 11 U.S.C. § 362(a) automatic stay but 'threaten the integrity of a bankrupt's estate.'"). The Individual Defendants should also address why mediation should not proceed.

Any motion to stay shall be filed within two weeks of the date of this order. If no motion is filed, then the parties shall proceed with mediation. If the motion to stay is filed, then the Court shall resolve that motion before any further litigation (including mediation) in this case shall proceed.

**IT IS SO ORDERED**.

Dated: May 21, 2024

_____
EDWARD M. CHEN
United States District Judge